PHILLIP A. TALBERT
Acting United States Attorney
NIRAV K. DESAI
Assistant United States Attorney
JOSH F. SIGAL
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

NOV 17 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>SATISH KARTAN and<br>SHARMISTHA BARAI,<br><br>       Defendants. | CASE NO. 2:16-CR-0217 MCE<br><br>VIOLATIONS: 18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor; 18 U.S.C. § 1589(a) – Forced Labor (Two Counts); 18 U.S.C. § 1589(b) – Benefitting from Forced Labor; 18 U.S.C. § 1351(a) – Fraud in Foreign Labor Contracting; 18 U.S.C. § 1594(d) – Criminal Forfeiture |

## INDICTMENT

COUNT ONE: [18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor]

The Grand Jury charges:

SATISH KARTAN and
SHARMISTHA BARAI,

defendants herein, as follows:

### INTRODUCTORY ALLEGATION

1. At all relevant times, the defendants were married to one another.

### THE CONSPIRACY

2. Between on or about February 21, 2014, and continuing through on or about October 3, 2016, in the County of San Joaquin, State and Eastern District of California, and elsewhere, defendants

INDICTMENT            1

1  KARTAN and BARAI did knowingly conspire and agree to provide and obtain the labor and services of
2  persons by means, and the combination of means, of force; threats of force; physical restraint; threats of
3  physical restraint; serious harm; threats of serious harm; the abuse and threatened abuse of law and legal
4  process; and by means of a scheme, plan, and pattern intended to cause persons to believe that, if such
5  persons did not perform such labor and services, they would suffer serious harm and physical restraint,
6  in violation of Title 18, United States Code, Section 1589(a).

## MANNER AND MEANS

In furtherance of the conspiracy, the defendants employed the following manner and means, among others:

3. The defendants used Internet websites and other advertising media including, but not limited to, pragathi.com and the India-based newspaper "Eenadu," to place advertisements seeking workers to perform domestic labor in Albuquerque, New Mexico; Stockton, California; and elsewhere in the United States.

4. The defendants communicated with individuals in the United States and overseas including, but not limited to, individuals known to the Grand Jury as "Satish" and "Rao," for the purpose of obtaining workers from overseas to work, ostensibly for monetary compensation, performing domestic labor in the United States.

5. In advertisements seeking workers from outside the United States for domestic labor in the United States, the defendants made materially false representations and omissions regarding the amount of compensation and the conditions of employment including, but not limited to, the hours of employment, the duties of employment, and the conditions under which these duties would be performed.

6. Once workers arrived at the defendants' residences in the United States, the defendants imposed a work schedule consisting of approximately 18 hours a day with limited rest and nourishment.

7. Once workers arrived at the defendants' residences in the United States, the defendants knowingly obtained their labor and services without the payment of wages, by means of force; threats of force; physical restraint; threats of physical restraint; serious harm; threats of serious harm; the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to

INDICTMENT 2

cause workers to believe that, if the workers did not perform such labor and services, the workers would suffer serious harm and physical restraint.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, defendants committed the following overt acts, among others, within the Eastern District of California and elsewhere:

8. On or about May 25, 2014, the defendants caused to be posted on the Internet website pragathi.com an advertisement seeking a live-in nanny to help with childcare, cooking, and household work. The advertisement, which listed email addresses and phone numbers for both KARTAN and BARAI, stated that the defendants would pay for an airplane flight and would provide a separate room and good remuneration.

9. Between in or about May 2014, and in or about September 2016, the defendants caused to be posted on the Internet website pragathi.com approximately 47 advertisements seeking the services of domestic workers.

10. Between in or about February 2014, and in or about October 2016, the defendants caused to be posted on Internet websites owned, operated, and controlled by Sulekha US, LLC, approximately seven advertisements seeking the services of domestic workers.

11. Between on or about January 8, 2016, and on or about January 22, 2016, the defendants obtained the domestic services of PERSON ONE at their residence in Stockton, California, including cooking, cleaning, and childcare.

12. The defendants failed to pay remuneration to PERSON ONE for her domestic work.

13. Between on or about July 19, 2016, and on or about August 31, 2016, the defendants obtained the domestic services of PERSON TWO at their residence in Stockton, California, including cooking, cleaning, and childcare.

14. The defendants failed to pay remuneration to PERSON TWO for her domestic work.

15. While PERSON TWO was residing and working in the defendants' residence, KARTAN physically struck PERSON TWO on multiple occasions.

16. While PERSON TWO was residing and working in the defendants' residence, BARAI physically struck PERSON TWO on multiple occasions.

17. While PERSON TWO was residing and working in the defendants' residence, KARTAN grabbed PERSON TWO's hands and caused them to be burned over the flames of a gas stove.

18. On or about September 4, 2016, KARTAN drove to Santa Clara County, California, picked up PERSON THREE from a residence, and drove PERSON THREE to defendants' residence in Stockton, California.

19. Between on or about September 4, 2016, and on or about September 7, 2016, the defendants obtained the domestic services of PERSON THREE at their residence, including cooking, cleaning, and childcare.

20. The defendants failed to pay remuneration to PERSON THREE for her domestic work.

21. While PERSON THREE was residing and working in the defendants' residence, the defendants told PERSON THREE that they would call the police if PERSON THREE attempted to leave the residence.

22. While PERSON THREE was residing and working in the defendants' residence, the defendants subjected PERSON THREE to verbal abuse, including the use of derogatory names that have been translated into English as "liar," "scoundrel" and "bitch."

23. On or about September 7, 2016, PERSON THREE asked KARTAN to be paid for her work, at which time BARAI told KARTAN to call the police.

24. On or about September 7, 2016, PERSON THREE attempted to leave the defendants' residence and arrange for someone to pick her up. KARTAN refused to provide PERSON THREE with the gate code allowing access to the gated community within which the defendants' residence was located.

All in violation of Title 18, United States Code, Section 1594(b).

COUNT TWO: [18 U.S.C. § 1589(a) – Forced Labor]

The Grand Jury further charges: T H A T

SATISH KARTAN and
SAHRMISTHA BARAI,

defendants herein, between on or about July 19, 2016, and continuing through on or about August 31, 2016, in the County of San Joaquin, State and Eastern District of California, did knowingly provide and

INDICTMENT          4

1  obtain the labor and services of PERSON TWO by means, and the combination of means, of force;
2  threats of force; physical restraint; threats of physical restraint; serious harm; threats of serious harm; the
3  abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern
4  intended to cause PERSON TWO to believe that, if PERSON TWO did not perform such labor and
5  services, PERSON TWO would suffer serious harm and physical restraint, in violation of Title 18,
6  United States Code, Section 1589(a).

COUNT THREE: [18 U.S.C. § 1589(b) – Benefitting from Forced Labor]

The Grand Jury further charges: T H A T

SHARMISTHA BARAI,

defendant herein, between on or about July 19, 2016, and continuing through on or about August 31, 2016, in the County of San Joaquin, State and Eastern District of California, did knowingly benefit, financially and by receiving things of value, from participation in a venture that engaged in the providing and obtaining of labor and services by PERSON TWO, by means of force; threats of force; physical restraint; threats of physical restraint; serious harm; threats of serious harm; the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause PERSON TWO to believe that, if PERSON TWO did not perform such labor and services, PERSON TWO would suffer serious harm and physical restraint, knowing and in reckless disregard of the fact that the venture had engaged in the providing and obtaining of labor and services of PERSON TWO by any of the means described above, in violation of Title 18, United States Code, Section 1589(b).

COUNT FOUR: [18 U.S.C. § 1589(a) –Forced Labor]

The Grand Jury further charges: T H A T

SATISH KARTAN and
SHARMISTHA BARAI,

defendants herein, between on or about September 4, 2016, and continuing through on or about September 7, 2016, in the County of San Joaquin, State and Eastern District of California, and elsewhere, did attempt to and did knowingly provide and obtain the labor and services of PERSON THREE by means physical restraint; threats of physical restrain; serious harm; threats of serious harm;

INDICTMENT 5

the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause PERSON THREE to believe that, if PERSON THREE did not perform such labor and services, PERSON THREE would suffer serious harm or physical restraint, in violation of Title 18, United States Code, Section 1589(a).

COUNT FIVE: [18 U.S.C. § 1351(a) – Fraud in Foreign Labor Contracting]

The Grand Jury further charges: T H A T

SATISH KARTAN,

defendant herein, between in or around June 2016, and continuing through on or about August 31, 2016, in the County of San Joaquin, State and Eastern District of California, and elsewhere, did knowingly and with intent to defraud recruit, solicit, and hire PERSON TWO from outside the United States and caused another person to recruit, solicit, and hire PERSON TWO from outside the United States, and attempted to do so, for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations, and promises regarding that employment, in violation of Title 18, United States Code, Section 1351(a).

FORFEITURE ALLEGATION: [18 U.S.C. § 1594(d)– Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendants SATISH KARTAN and SHARMISTHA BARAI shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1594(d) and (e), all property, real or personal, that was involved in, used, or intended to be used to commit or facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds obtained directly or indirectly, as a result of such violations, and any property traceable to such property.

2. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Four of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or

|   |   |   |
|---|---|---|
| 1 | e. | has been commingled with other property which cannot be divided without |
| 2 |   | difficulty; |

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

--------
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

INDICTMENT

7

No. 2:16-CR-0167-MCE

---

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

THE UNITED STATES OF AMERICA

vs.

SATISH KARTAN
SHARMISTHA BARAI

---

## I N D I C T M E N T

**VIOLATION(S):**
18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor;
18 U.S.C. §1589(a) – Forced Labor (Two Counts);
18 U.S.C. §1589 (b) – Benefitting from Forced Labor;
18 U.S.C. § 1351(a) – Fraud in Foreign Labor Contracting;
18 U.S.C. § 1594 (b) – Criminal Forfeiture

---

*A true bill,*

**/s/ Signature on file w/AUSA**
*Foreman.*

*Filed in open court this* __17__ *day*

*of* __NOVEMBER__, A.D. 20 16

_____
*Clerk.*

*Bail, $* _____

**NO PROCESS NECESSARY** – as to Kartan
Barai

GPO 863 525

**United States v. Kartan, et al.**
**Penalties for Indictment**

**Defendants:**
**SATISH KARTAN**
**SHARMISTHA BARAI**

**COUNT 1:**         **ALL DEFENDANTS**

VIOLATION:         18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor

PENALTIES:         Maximum of 20 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years
Mandatory restitution [18 U.S.C. § 1593]

SPECIAL ASSESSMENT: $5,000 (mandatory on each count for non-indigent person) [18 U.S.C. § 3014(a)(1)]

**COUNT 2:**         **ALL DEFENDANTS**

VIOLATION:         18 U.S.C. § 1589(a) – Forced Labor

PENALTIES:         Maximum of 20 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years
Mandatory restitution [18 U.S.C. § 1593]

SPECIAL ASSESSMENT: $5,000 (mandatory on each count for non-indigent person) [18 U.S.C. § 3014(a)(1)]

**COUNT 3:**         **SHARMISTHA BARAI**

VIOLATION:         18 U.S.C. § 1589(b) – Benefitting from Forced Labor

PENALTIES:         Maximum of 20 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years
Mandatory restitution [18 U.S.C. § 1593]

SPECIAL ASSESSMENT: $5,000 (mandatory on each count for non-indigent person) [18 U.S.C. § 3014(a)(1)]

| | |
|---|---|
| **COUNT 4:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C. § 1589(a) – Forced Labor |
| PENALTIES: | Maximum of 20 years in prison;<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years<br>Mandatory restitution [18 U.S.C. § 1593] |

SPECIAL ASSESSMENT: $5,000 (mandatory on each count for non-indigent person) [18 U.S.C. § 3014(a)(1)]

| | |
|---|---|
| **COUNT 5:** | **SATISH KARTAN** |
| VIOLATION: | 18 U.S.C. § 1351(a) – Fraud in Foreign Labor Contracting |
| PENALTIES: | Maximum of 5 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 1 year |

SPECIAL ASSESSMENT: $100

| | |
|---|---|
| **FORFEITURE ALLEGATION:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C. §§ 1594(d), (e) – Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |