PHILLIP A. TALBERT
United States Attorney
NIRAV K. DESAI
Assistant United States Attorney
JOSH F. SIGAL
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-217 MCE |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| SATISH KARTAN, and SHARMISTHA BARAI, | |
| Defendants. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendants SATISH KARTAN and SHARMISTHA BARAI in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to victims or potential victims in this case, including personal identifying information such as dates of birth, passport numbers, telephone numbers and email accounts;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

Stipulation & [Proposed] Protective Order
U.S. v. Kartan et al., 2:16-cr-0217 MCE

1

1  WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a
2  private agreement is not appropriate in light of the nature of the information at issue and the charges in
3  this case; and

4  WHEREAS, the defendants, SATISH KARTAN and SHARMISTHA BARAI, have counsel
5  ("Defense Counsel") who wish the opportunity to review the discovery;

6  Defendants SATISH KARTAN and SHARMISTHA BARAI and plaintiff United States of
7  America, by and through their counsel of record, hereby agree and stipulate as follows:

8  1.  This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
9  Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

10  2.  This Order pertains to all discovery provided to or made available to Defense Counsel
11  that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known
12  as "the protected discovery").

13  3.  Defense Counsel shall not disclose any of the protected discovery to any person other
14  than their respective clients, or attorneys, law clerks, paralegals, secretaries, experts, and investigators,
15  involved in the representation of their respective clients.  However, at no time shall either defendant be
16  permitted to review the protected discovery outside of the presence of his or her attorney, and Defense
17  Counsel shall not leave any of the protected discovery with either defendant.

18  4.  The protected discovery and information therein may only be used in connection with the
19  litigation of this case and for no other purpose.  The protected discovery is now and will forever remain
20  the property of the United States Government.  Defense Counsel will return the discovery to the
21  Government or certify that it has been shredded at the conclusion of the case.

22  5.  Defense Counsel will store the discovery in a secure place and will use reasonable care to
23  ensure that it is not disclosed to third persons or their respective clients in violation of this agreement.

24  6.  If Defense Counsel releases custody of any of the discovery, or authorized copies thereof,
25  to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of
26  this Order and advise that person that the protected discovery is the property of the United States
27  Government, that the protected discovery and information therein may only be used in connection with
28  the litigation of this case and for no other purpose, and that an unauthorized use of the protected

discovery may constitute a violation of law and/or contempt of court.

7. In the event that either defendant obtains substitute counsel, undersigned Defense Counsel agree to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising their respective clients, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: November 28, 2016                Respectfully submitted,

                                        PHILLIP A. TALBERT
                                        United States Attorney

                                By:     /s/ Josh F. Sigal
                                        JOSH F. SIGAL
                                        Special Assistant U.S. Attorney

Dated: November 28, 2016        By:     /s/ Mark Reichel
                                        (authorized on November 28, 2016)
                                        MARK REICHEL, ESQ.
                                        Counsel for SATISH KARTAN

Dated: November 28, 2016        By:     /s/ Tom Johnson
                                        (as authorized on November 22, 2016)
                                        TOM JOHNSON, ESQ.
                                        Counsel for SHARMISTHA BARAI

**<u>ORDER</u>**

IT IS SO FOUND AND ORDERED.

DATED: November ___, 2016_____

                                        HON. MORRISON C. ENGLAND
                                        United States District Judge