MARK J. REICHEL, State Bar #155034
REICHEL & PLESSER L.L.P.
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California 95814
Telephone: (916) 498-9258
FAX: (888) 567-2949

mark@reichellaw.com
www.reichelplesser.com

Attorney for Defendant
SATISH KARTAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 16-CR-S-217 MCE |
| ) | |
| Plaintiff, ) | **MOTION TO SUPPRESS ALL** |
| ) | **EVIDENCE SEIZED FOLLOWING** |
| v. ) | **ILLEGAL SEARCH** |
| ) | |
| ) | Date: November 2, 2017 |
| ) | Time: 9:00 a.m. |
| SATISH KARTAN ) | Judge: Morrison C. England |
| ) | Jr. |
| Defendant. | |

### <u>MOTION TO SUPPRESS ALL EVIDENCE</u>

The search of the defendnat's private residence in this case, in the nighttime, contrary to the judicial commands of the daytime only search warrant issued here, violates the Fourth Amendment and suppression of all evidence seized on or about September 9, 2016 must be suppressed.

The Fourth Amendment prohibits "unreasonable searches and seizures." And, specifically, nighttime searches of private homes raise special concerns relating to invasion of privacy, see *Jones v. United States*, 357 U.S. 493, 498-99, 78

Mot To Suppress Evidence

1  S. Ct. 1253, 2 L. Ed. 2d 1514, 1958-2 C.B. 1005 (1958)

2  (observing that "it is difficult to imagine a more severe

3  invasion of privacy than the nighttime intrusion into a

4  private home that occurred in this instance").

5  　　It is precisely because of these teachings from our

6  Supreme Court that the Federal Rules of Criminal Procedure

7  Rule 41 provides that a warrant to search for and seize

8  property issued thereunder must command the officer to

9  execute the warrant *during the daytime*, unless the judge for

10  good cause expressly authorizes execution at another time.

11  Fed. R. Crim. P. 41(e)(2)(A)(ii). "Daytime" is defined as the

12  hours between 6:00 a.m. and 10:00 p.m. Fed. R. Crim. P.

13  41(a)(2)(B).

14  　　Two cases have been cited with approval recently in the

15  Central District of California and they are directly on point

16  and they ordered the exclusion of all evidence. In *United*

17  *States v. Boyance*, 398 F.2d 896 (3d Cir. 1968), suppression

18  was ordered where the judge had issued a daytime search

19  warrant at 1:00 a.m., and officers made entry at 2:30 a.m.,

20  in violation of the clear terms of the warrant. As well, in

21  *United States v. Merritt*, 293 F.2d 742 (3d Cir. 1961), the

22  court found that a daytime search warrant for narcotics had

23  not been executed until nighttime, and that the nighttime

24  execution was not justified by the fact that the United

25  States Commissioner who issued the warrant was empowered

26  under the Narcotic Control Act to provide for service at any

27  time of the day or night, when he had not done so in that

28  case. Both of these cases were discussed with approval by a

1  district opinion from within our Circuit. See *United States*
2  *v. Ming Zhang*, 634 F. Supp. 2d 1040, 2009 U.S. Dist. LEXIS
3  48489 (Cent Dist Calif).

4      Here, despite the express dictates of the warrant
5  command for a daytime only search to begin at 6:00 a.m., the
6  officers executed the search in the early morning hours, well
7  before 6 a.m. All evidence seized that day must be
8  suppressed.

9      DATED: October 10, 2017

10                              *Mark J. Reichel*

11                              MARK J. REICHEL