UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:16-cr-00217-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| SHARMISTHA BARAI, | |
| Defendant. | |

Presently before the Court is Defendant Sharmistha Barai's ("Defendant") Emergency Motion for Bail Review Due to Changed and Extraordinary Circumstances Presented by COVID-19 Pandemic.[1] For the following reasons, that Motion is DENIED.

///
///
///
///
///
///

---

[1] Defendant's Request to Seal, ECF No. 284, is GRANTED in part and DENIED in part. Defendant's unredacted Emergency Motion shall be filed under seal, but counsel is directed to file a redacted version on the public docket omitting references, if any, to any psychological and/or medical history. The following exhibits shall also be filed under seal: Exhibits A, B, and C. Defendant's request is DENIED, however, as to Exhibits D, E, and F, which shall be publicly filed.

**ANALYSIS**[2]

This Court has previously held that Defendant failed to meet her burden of showing by clear and convincing evidence that she is not a flight risk. See 18 U.S.C. § 3143(a)(1) (Detention is mandatory "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."). Defendant now asks the Court to once again revisit this decision based on the COVID-19 pandemic and Defendant's personal circumstances in conjunction with her housing at the Sacramento County Jail.[3] Nothing in Defendant's Emergency Motion persuades the Court that Defendant is any closer now to meeting her burden.[4]

The Court does not reach this conclusion lightly, given the "unprecedented magnitude of the COVID-19 pandemic." United States v. Martin, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020). "While correctional officials . . . may successfully have dealt with past viruses and outbreaks of communicable diseases, they pale in scope with the magnitude and speed of transmission of COVID-19." Id. "This virus comes in the form of a world-wide pandemic, resulting in a declaration of a national emergency by the federal government, and state of emergency by the State of [California]." Id. "With no known effective treatment, and vaccines months (or more) away, public health officials have been left to urge the public to practice 'social distancing,' frequent (and thorough) hand washing, and avoidance of close contact with others (in increasingly more restrictive terms)—all of which are extremely difficult to implement in a detention facility." Id. "For this reason, the Court takes this health risk extremely seriously . . . . "

---

[2] The Court is intimately familiar with the facts and procedural history of this case. The question of Defendant's detention has been before the Court on multiple occasions and has already been the subject of multiple appeals. Accordingly, no further factual recitation will be provided here.

[3] Those circumstances are set forth in Defendant's moving papers and sealed exhibits and are not recounted here to avoid disclosing sensitive and confidential information.

[4] The Court's prior orders are incorporated by reference here.

2

Id. Regardless, though, a determination of whether this Defendant should be released requires an individualized assessment of the relevant factors, which here point to the conclusion that Defendant remains a flight risk, perhaps even more so than before.

Let the Court be clear—this is not a case, like many addressing this pandemic, where an individual presumed innocent is awaiting trial. This Defendant stands convicted, after an eleven-day jury trial, of one count of Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) and two counts of Forced Labor in violation of 18 U.S.C. § 1589(a). Guilt has been established, thus the burden shift to the Defendant.

And her crimes carry heavy penalties. As the Court has previously noted, the presentence report in this case recommends a 188-month term of imprisonment. Notwithstanding the fact that this Court is free to fashion the appropriate sentence it deems no greater than necessary, Defendant is facing the very real possibility that she will be imprisoned for the duration of her children's youth. That significantly informed the Court's prior detention decisions, which focused heavily on Defendant's southward migration to the border of this district.

The Court now finds that the changed circumstances since its last decision make Defendant even more of a flight risk. Defendant has been incarcerated in the Sacramento County Main Jail for almost nine months and has become unavoidably aware of the hardships that accompany a lengthy prison sentence. Given the difficulties she has had adjusting to a life of incarceration, she now has an even greater incentive to flee. Moreover, while some courts take the position that escape at this juncture may be more difficult, see In re Manrique, 2020 WL 1307109, *1), this Court posits that the opposite may be true. Indeed, law enforcement officers, who are also human and are equally susceptible to this virus based on their own personal circumstances, are put at significantly greater risk when having to locate and apprehend a fleeing convict during a world-wide pandemic. The precautions they are required to take to apprehend fugitives under these circumstances could very likely make it easier for Defendant to escape, to cross a border, or to go into hiding.

3

Given the foregoing, the Court specifically finds that Defendant has failed to show strong enough "exceptional circumstances" to warrant release in her case. First, a generalized fear based on the existence of the pandemic itself is insufficient. See United States v. Villegas, 2020 WL 1649520, *2 (C.D. Cal. April 3, 2020) ("[G]eneralized fears and speculative concerns are essentially all that Defendants point to here, which do not add up to 'compelling reasons' justifying their temporary release."). Second, even considering Defendant's specific medical history, the Court is not convinced that the health risk to Defendant in particular is so much greater due to her incarceration that it can overcome the societal risks incurred should Defendant flee, subjecting law enforcement to their own elevated risks in apprehending her.

Indeed, as set forth previously by another court in this district, "although the COVID-19 situation is an extraordinary one for the population at large in this country, including prisoners, and without diminishing in the least the fact that [Defendant] [may be] part of an especially at-risk COVID-19 population, [Defendant] has not shown that prison [or jail] authorities are unable or unwilling to address this serious problem within [facilities], or that [Defendant] is unable to take the general, protective measures applicable to all as of yet unafflicted persons, i.e., wash hands frequently, avoid touching the face and so forth." Peterson v. Diaz, Case No. 2:19-cv-01480, ECF No. 32, at 4. "Moreover, . . . authorities may be able to isolate highly at-risk prisoners, such as [Defendant], more easily than isolation or 'social distancing' is achieved in the general population, e.g., housing in administrative segregation, partial lockdowns or transfers." Id. "Prisons [and jails] are certainly able to order their afflicted employees to stay at home, and can probably, more easily find testing opportunities for their essential employees than is yet possible for the general population." Id. "Finally, prison and [other] officials are more likely to know who may be best subject to compassionate release . . . than is the undersigned." Id. In light of all of the foregoing factors, and the fact Defendant has not pointed to any diagnosed case of COVID-19 in the Sacramento County Jail in the first instance, reliance on the pandemic to justify release is

4

unpersuasive.[5]

The Court also declines Defendant's alternative request to have this Court dictate how the United States Marshal, or, one assumes, the local jail, address the COVID-19 pandemic with respect to this particular Defendant.  Absent evidence to the contrary, the Court will presume the jail is operating with every incentive to prevent an outbreak that will threaten not just inmates but also all jail staff.

## CONCLUSION

For the reasons set forth above, Defendant's Emergency Motion for Bail Review Due to Changed and Extraordinary Circumstances Presented by COVID-19 Pandemic is DENIED, and her Request to Seal, ECF No. 284, is GRANTED in part and DENIED in part as set forth in Footnote 1.

IT IS SO ORDERED.

Dated:  April 9, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] Although the Court is not entirely convinced that it is procedurally proper to pursue Defendant's Fifth and Eighth Amendment arguments by way of the instant Motion instead of through an action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Federal Agents, 401 U.S. 388 (1971) challenging jail conditions, they are nonetheless rejected for the same reasons just set forth as well.

5