UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0217-DC-SCR-2 |
| Respondent, | |
| v. | ORDER |
| SHARMISTHA BARAI, | |
| Movant. | |

Movant is a federal prisoner proceeding through appointed counsel with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Currently pending before the court is movant's motion for consideration of her pro se and counseled § 2255 motions "as an all inclusive § 2255 motion" which she filed pro se. ECF No. 409. Respondent has also filed a motion for an extension of time to respond to movant's pro se as well as counseled § 2255 motions. ECF No. 421.

**I.    Procedural History**

A brief procedural history of movant's case is necessary to understand movant's current motion. On August 4, 2023, the district judge then assigned to this case granted movant appointed counsel for the purpose of filing a § 2255 motion. ECF No. 384. Before counsel filed that § 2255 motion, movant filed a separate pro se § 2255 motion that was docketed on May 10, 2024. ECF No. 385. The pro se motion is 135 pages in length and contains 15 claims for relief

1

1  as well as an appendix of exhibits in support of the motion. ECF No. 385.  On May 22, 2024,
2  counsel filed the counseled § 2255 motion.  ECF No. 387.

3        A magistrate judge was assigned to review both the pro se as well as the counseled § 2255
4  motions via a minute order issued on May 23, 2024.  ECF No. 389.  The previously assigned
5  magistrate judge directed respondent to file an answer to the counseled § 2255 motion and struck
6  the pro se § 2255 motion from the docket because movant was represented by counsel at the time
7  of filing.  ECF No. 390.

8        In the interim, on July 8, 2024, movant's co-defendant and husband, Satish Kartan, filed a
9  separate pro se § 2255 motion.  See Case No. 2:16-cr-0217-DC-SCR-1 at ECF No. 399.  Movant
10 Kartan's § 2255 motion is 169 pages in length and contains 16 claims for relief along with an
11 appendix of exhibits in support of the motion.  Kartan's § 2255 motion is also assigned to the
12 undersigned, who ordered respondent to file an answer to Kartan's motion by order dated January
13 22, 2025.  See Case No. 2:16-cr-0217-2-1 at ECF No. 419.

14     **II.**    **Movant's Motion for Consideration of Pro Se and Counseled § 2255 Motions.**
15       In her motion docketed on October 4, 2024, movant seeks to have the court consider the
16 claims raised in her pro se § 2255 motion along with the claims raised by in her counseled § 2255
17 motion. ECF No. 409.  Although movant alludes to representing herself in this motion, she
18 specifically requests that the court consider the claims raised by her counsel.  ECF No. 409 at 1.
19 In this light, the court does not consider movant's request as a motion to proceed without counsel
20 in this post-conviction proceeding.  Nor does the record reflect any breakdown in
21 communications or conflict of interest between movant and counsel that would support such a
22 request.  Rather, it appears to the court that movant is seeking to consolidate her pro se § 2255
23 claims with the claims raised in the counseled § 2255 motion.  So construed, movant's motion is
24 granted.  This case will proceed on the counseled § 2255 motion (ECF No. 387) and movant's pro
25 se § 2255 which shall be docketed as a supplemental § 2255 motion and filed nunc pro tunc to
26 May 3, 2024.  See Fed. R. Civ. P. 15(d); Houston v. Lack, 487 U.S. 266 (1988) (establishing the
27 prison mailbox rule under which a document is deemed filed on the date it is signed and handed
28

to prison officials for mailing).[1]

### III.     Respondent's Motion for an Extension of Time to File an Answer

On January 28, 2025, respondent filed a motion requesting a 60 day extension of time to respond to movant's § 2255 motions. ECF No. 421. In a supporting declaration, counsel for respondent indicates that "it is still unclear which of the motions the government will need to respond to." ECF No. 421 at 2.

For good cause shown, respondent's motion for an extension of time is granted. Respondent's answer shall be due by March 28, 2025. The court also clarifies that respondent shall be required to respond to movant's counseled § 2255 motion as well as any of her supplemental § 2255 claims to the extent that they are not included in movant Kartan's pro se § 2255 motion. Based on a comparison of movant's supplemental § 2255 motion with codefendant Kartan's § 2255 motion, respondent is directed to include a response to claim one, to the extent that it is based on a plea offer of one year to movant Barai, as well as claims nine and fifteen in movant's supplemental § 2255 motion.[2] All other claims in movant's supplemental § 2255 motion may be responded to as part of the government's answer to codefendant Kartan's separately filed § 2255 motion.

Counsel for movant shall file a reply within 30 days from the date of filing of respondent's answer. As part of that reply, counsel for movant shall address claims one, nine, and fifteen in the supplemental § 2255 motion.

Following the expiration of these deadlines, the court will take the counseled § 2255 motion as well as movant's supplemental § 2255 motion under submission. The undersigned will issue Findings and Recommendations on the motions as soon as practicable thereafter.

---

[1] Movant is excused from complying with Local Rule 220 concerning changed pleadings.
[2] To avoid any unnecessary confusion, movant alleges in claim one that she was denied her Sixth Amendment right to the assistance of counsel because her trial attorney failed to advise her about the advantages and disadvantages of a one year plea offer. In claim nine, movant asserts that she was denied her Sixth Amendment right to the effective assistance of counsel when her attorney conceded her guilt oblivious of the government's Pinkerton theory of liability. Lastly, in claim fifteen, movant asserts that the Ninth Circuit committed clear err in denying her claim that the district court abused its discretion in admitting an email stating she hit her husband for joking.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's Emergency Motion for Consideration of Pro Se and Counseled § 2255 Motions (ECF No. 409) is granted, in part, and denied in part. The motion is granted to the extent that it seeks to consolidate movant's pro se and counseled § 2255 motions. The motion is denied to the extent that it contains any request to proceed without counsel in this § 2255 proceeding.

2. The minute order issued on May 30, 2024 (ECF No. 390) striking movant's pro se § 2255 motion is vacated.

3. The Clerk of Court is directed to docket movant's pro se § 2255 motion (ECF No. 385) as a supplemental § 2255 motion nunc pro tunc to its original filing date of May 3, 2024.

4. Respondent's motion for an extension of time (ECF No. 421) is granted. Respondent shall file an answer by March 28, 2025 including a response to supplemental claim one, to the extent that it is based on a plea offer of one year to movant Barai, as well as claims nine and fifteen in movant's supplemental § 2255 motion.

5. Counsel for movant shall file a reply within 30 days from the date of filing of respondent's answer. As part of her reply, counsel for movant shall address claims one, nine, and fifteen in the supplemental § 2255 motion.

6. Counsel for movant is directed to provide a copy of this order directly to movant at her current place of incarceration.

DATED: February 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4